UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| KENNETH D. DIPPEL, | ) | Civil Action No.: 4:16-cv-1605-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | **ORDER** |
| SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

In this action, Plaintiff, who is proceeding pro se, alleges that Defendant breached its insurance contract with Plaintiff and acted in bad faith when it denied Plaintiff's claim for flood damage to his property.  Presently before the Court are Non-Parties Donan Engineering Company, Inc. and Christopher Scallion's Motion to Quash (ECF No. 81), Plaintiff's Motion to Compel to Donan and Scallion (ECF No. 89), Plaintiff's Motion to Compel Torrent Technologies and for Sanctions (ECF No. 95), Plaintiff's Motion for Issuance of Subpoena (ECF No. 93), and Defendant's Motion to Waive Mediation (ECF No. 107).  A hearing was held on Tuesday, October 30, 2018, at which Plaintiff and counsel for South Carolina Farm Bureau Mutual Insurance Company, Donan Engineering, and Christopher Scallion were present.   This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) after counsel for Plaintiff was relieved and Plaintiff informed the court that he wished to proceed pro se.

## II. DISCUSSION

### A. Subpoena to Donan and Scallion

Non-parties Donan Engineering Company, Inc. and Christopher M. Scallion, P.E. move to quash a subpoena issued by the court[1] on Plaintiff's request and served by Plaintiff on May 16, 2018. Plaintiff has filed a separate motion to compel Donan and Scallion to provide the documents, electronically stored information, and tangible things requested in the subpoena. Donan and Scallion request the attorneys fees and costs associated with preparing and litigating the motion to quash, and Plaintiff asks the court to sanction both Defendant and Donan Engineering for failing to comply with the subpoena.

Donan and Scallion first argue that the subpoena violates Fed.R.Civ.P. 45(c)(2)(A), which provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The recipient of a subpoena may move to quash the subpoena when it "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed.R.Civ.P. 45(d)(3)(ii). Donan's principal place of business is located in Louisville, Kentucky, which is where Plaintiff served the subpoena, and Plaintiff resides in Loris, South Carolina, which is over 100 miles from Louisville, Kentucky. However, "[a] number of courts have held that Rule 45(c)(2)(A)'s 100–mile boundary is not violated "where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents." CresCom Bank v. Terry, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (citing Perez v. Kazu Constr., LLC, No. CV

---

[1]Plaintiff states throughout his filings that the court either "approved" or "endorsed" the subpoenas. However, Rule 45(a)(3) of the Federal Rules of Civil Procedure states only that "the clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." (Emphasis added.)

16-00077 ACK-KSC, 2017 WL 628455, at *12 (D. Haw. Feb. 15, 2017); United States v. Brown, 223 F.Supp.3d 697, 703 (N.D. Ohio 2016); Trahan v. Sandoz Inc., No. 3:13-CV-350-J-34MCR, 2014 WL 12628614, at *3 (M.D. Fla. July 23, 2014); Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13CV1395-GPC BLM, 2014 WL 3573400, at *4 (S.D. Cal. July 18, 2014); Walker v. Ctr. for Food Safety, 667 F.Supp.2d 133, 138 (D.D.C. 2009). This basis for the motion to quash is without merit.

Donan and Scallion next argue that the subpoena should be quashed because it subjects them to undue burden. See Fed.R.Civ.P. 45(d)(3)(iv). "Whether a subpoena subjects a witness to undue burden within the meaning of [Rule 45][2] usually raises a question of the reasonableness of the subpoena, an analysis that requires weighing a subpoena's benefits and burdens and consider[ing] whether the information is necessary and whether it is available from any other source." Maxtena, Inc. v. Marks, 289 F.R.D. 427, 439 (D. Md. 2012) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008) (internal quotations omitted)). "The burden of proving that a subpoena is oppressive is on the party moving to quash." Id. (citing Fleet Bus. Credit, LLC v. Solarcom, LLC, No. Civ. AMD 05–901, 2005 WL 1025799, at *1 (D.Md. May 2, 2005) (internal quotation marks omitted)).

In the subpoena, Plaintiff requests the laptop computer Scallion used during his investigation into Plaintiff's property damage claim, all documents and communications surrounding Scallion's return of the laptop to Donan, all communications between Scallion and John Hunter Miller from October 20, 2015, through December 1, 2015, all documents stored in the Donan Project Tool Server from October 20, 2015, through December 1, 2015, specific emails and attachments, cloud storage

---

[2]Maxtena cites to Rule 45(c)(3)(A)(iv). However, this case was decided in 2012, and Rule 45 was amended and reorganized in 2013. See Advisory Committee Notes to Fed.R.Civ.P. 45.

documents, all documents stored in Scallion's Google Drive and Google Email, specific draft reports prepared by Scallion, all electronic communications between Mr. Munerlyn and all Donan Engineering personnel from October 20, 2015, through February 1, 2016, and time logs of Scallion's work as referenced on a specific invoice.

Donan and Scallion argue that Plaintiff has already received each and every draft of Scallion's project report. They submit the affidavit of Herb Goff, P.E., CFEI, Donan's General Manager, who avers that Donan generated a total of seven draft versions of the investigative report related to Plaintiff's claim. Goff Aff. ¶ 4(a) (ECF No. 96-2). He also lists the drafts in the order they were created along with bates numbers to identify when each draft was created. Goff Aff. ¶ 4(b). Donan and Scallion also attach a copy of the letter from counsel for Defendant to Plaintiff's former counsel producing copies of the seven drafts. Groves Letter and Attachments (ECF No. 96-1). They assert that Scallion has received a new laptop since he investigated Plaintiff's claim, and returned his old lap top to Donan, which is no longer in possession of the laptop. Scallion Dep. 13-14 (ECF No. 84-2). Donan and Scallion further argue that Plaintiff has received each and every relevant, non-privileged email sent by or to Scallion relating to the claim and that Plaintiff's requests for information from Scallion's personal accounts are irrelevant and amount to harassment.

Following review of the briefs and the arguments raised at the hearing, the court makes the following rulings with respect to the items requested in the subpoena at issue here:

Laptop computer: Donan is directed to provide an affidavit setting forth Donan's standard protocol for replacing laptop computers, the reason the specific laptop computer at issue here was replaced, when it was replaced, and what was done with the laptop itself. Also, the affidavit should include an explanation of what information and contents contained on the laptop were stored and preserved and in what format. Additionally, Donan and Scallion should produce any correspondence

or written communication associated with the return and replacement of the laptop and the preservation of its contents.

Electronic documents stored in the "Donan Project Tool Server," from October 2015, to December 1, 2015: Donan is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Email of Amanda Prewitt dated November 5, 2015: Donan is directed to forward this email along with its attachments in its original format to Plaintiff's email address listed in the subpoena or provide an affidavit addressing why the email cannot be forwarded as directed.

Cloud storage documents and all communications from October 20, 2015, to November 30, 2015 to and from Roger Glenn Hayes and John Hunter Miller: Donan is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Email of Roger Glenn Hayes dated November 5, 2015 (and more fully described in the subpoena): Donan is directed to forward this email along with its attachments in its original format to Plaintiff's email address listed in the subpoena or provide an affidavit addressing why the email cannot be forwarded as directed.

Electronically stored documents in Chris Scallion's Google Drive and corresponding Google email address (Chris.scallion@gmail.com): Scallion is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Pre peer review unedited report of Chris Scallion dated prior to November 5, 2015, and all editing information and documents that culminated in the final report: Donan and/or Scallion are directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Electronic communications between Mr. Munnerlyn and all Donan Engineering Personnel from October 20, 2015, to February 1, 2016: Donan is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Time log sheet Scallion provided to Donan Engineering (more fully described in the subpoena): Donan and/or Scallion are directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist.

Accordingly, the Motion to Quash and the Motion to Compel are both denied in part and granted in part as set forth above. Donan and Scallion are directed to produce the information set forth above no later than thirty days from the date of this order.[3]

    **B.**    **Subpoena to Optimal Solutions and Technologies**

Plaintiff asks that the Clerk of Court issue a subpoena to Optimal Solutions and Technologies (OST), which he has provided to the court. Plaintiff's motion is granted and the clerk is directed to

---

[3]Plaintiff argues the motion to quash is untimely, that Donan is not a "person" under Rule 45 and, thus, cannot move to quash the subpoena, and that Defendant and Donan should be sanctioned. These arguments are without merit.

sign the subpoena (ECF No. 94), change the date for compliance to December 4, 2018, and return to Plaintiff. Plaintiff is directed to serve the subpoena within ten days of the date of this order.

   C.   **Subpoena to Torrent Technologies**

Plaintiff seeks to compel non-party Torrent Technologies (Torrent) to produce the items Plaintiff requested in a subpoena served on Torrent on May 16, 2018. However, the subpoena was directed to Torrent Technologies, 1935 3rd Avenue East Suite 100, Kalispell, Montana 59901. Rule 37(a)(2) of the Federal Rules of Civil Procedure provides that "[a] motion for an order [compelling disclosure or discovery] to a nonparty must be made in the court where the discovery is or will be taken." Further, Rule 45(d)(2)(B)(i) states that "at any time, on notice to the commanded person, the [party serving the subpoena] may move the court for the district where compliance is required for an order compelling production or inspection." The discovery Plaintiff seeks through this subpoena is located in Kalispell, Montana. Thus, this is not the proper court to bring a motion to compel Torrent Technologies to comply with the subpoena. See, e.g., Lifesize, Inc. v. Chimene, No. A-16-CV-1109-RP, at *1 (W.D. Tex. July 20, 2017); Rembrandt Patent Innovations, LLC v. Apple Inc, No. C 14-05093 WHA, 2016 WL 427363, at *2 (N.D. Cal. Feb. 4, 2016); Lambert v. Liberty Mut. Fire Ins. Co., No. CIV.A. 13-23-BAJ-SCR, 2013 WL 3864314, at *1 (M.D. La. July 24, 2013).[4]

---

[4] "While it is true that Rule 45(f) permits the court in the district where compliance is required to transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances, the motion must be filed in the first instance with the court in the district where compliance is required." Diamond Consortium, Inc. v. Manookian, No. 4:16-CV-00094, 2016 WL 6804865, at *1 (E.D. Tex. Nov. 17, 2016). The rule is similar for motions to quash, such as the motion filed by Donan Engineering and Chris Scallion. See Fed.R.Civ.P. 45(d)(3)(A) (providing that "the court for the district where compliance is required must quash or modify a subpoena"). Thus, Donan and Scallion could have filed their motion in Kentucky. However, they consented to the jurisdiction of this court in the first instance by filing the motion here.

Plaintiff's motion is denied in this respect.

### D. Plaintiff's Motion to Sanction/Admonish Defendant's Counsel

Within his motion to compel Torrent to produce the items he requested in his subpoena, Plaintiff also moves the court to sanction or admonish defense counsel for interfering with subpoenas and "cherry picking" which documents will be produced to Plaintiff. Specifically, he asks that the court issue "an Equitable Estoppel order commanding that Defendant's counsel refrain from continually interfering in the Court approved and signed subpoena to Torrent Technologies, and to admonish them pursuant to 28 U.S. Code § 1927 for the continued 'cherry picking' that has constantly went on from the onset at the beginning of litigation even when Plaintiff had an Attorney to represent him." Pl. Motion p. 5 (ECF No. 95). Defendant argues that Plaintiff has repeatedly accused counsel of wrongdoing throughout this litigation based only on speculation and conjecture. Plaintiff's filings reveal his belief that certain "smoking gun" documents are being withheld by Defendant (and subpoenaed third-parties) which prevents him from proving his claims against Defendant. However, he has failed to present evidence sufficient to warrant sanctions, admonishments, or an estoppel against counsel for Defendant. As such, Plaintiff's motion is denied in this respect as well.

### E. Defendant's Motion to Waive Mediation Requirement

At the time the initial scheduling order was filed in this case, the District Judge entered the court's standard order to conduct mediation. See Conference and Scheduling Order (ECF No. 17). Local Civil Rule 16.05, D.S.C., however, provides that "[p]arties may request relief from any mediation requirement by motion, and relief shall be freely given for good cause shown." Defendant's motion is denied without prejudice. However, the deadline to mediate this case is extended to within thirty days of the disposition of Defendant's Motion for Summary Judgment.

## III. CONCLUSION

For the reasons discussed herein, Non-Parties Donan Engineering Company, Inc. and Christopher Scallion's Motion to Quash (ECF No. 81) is **GRANTED in part and DENIED in part** as discussed herein, Plaintiff's Motion to Compel Donan and Scallion (ECF No. 89) is **GRANTED in part and DENIED in part** as discussed herein, and **Donan and Scallion are directed to produce the information set forth above no later than thirty days from the date of this order**. In addition, Plaintiff's Motion to Compel Torrent Technologies and for Sanctions (ECF No. 95) is **DENIED**, Plaintiff's Motion for Issuance of Subpoena (ECF No. 93) is **GRANTED**, and Defendant's Motion to Waive Mediation (ECF No. 107) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

November 2, 2018
Florence, South Carolina