UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth D. Dippel, | ) | Civil Action No.: 4:16-cv-01605-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Farm Bureau | ) | |
| Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Kenneth D. Dippel filed this lawsuit against Defendant South Carolina Farm Bureau Mutual Insurance Company seeking recovery under a standard flood insurance policy. The matter is presently before the Court for consideration of Plaintiff's and Defendant's timely objections to a nondispositive order issued by United States Magistrate Judge Thomas E. Rogers.[1] *See* ECF Nos. 136, 141, & 147.

## **Standard of Review**

A magistrate judge may hear, decide, and issue written orders on nondispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A ruling "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[1] Because Plaintiff is currently proceeding pro se, all pretrial proceedings are automatically assigned to the Magistrate Judge pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Both the Magistrate Judge and this Court are mindful that "document[s] filed pro se [are to] be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *cf. United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("[T]he special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal quotation marks, ellipsis, brackets, and citation omitted)).

committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (defining "clearly erroneous"). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Guarantee Co. of N. Am. U.S.A. v. Metro Contracting, Inc.*, No. 2:13-cv-02266-PMD, 2015 WL 402909, at *3 (D.S.C. Jan. 28, 2015) (alteration in original); *see also Callahan v. United States*, 285 U.S. 515, 517 (1932) (explaining "[t]he phrase 'contrary to law' as . . . taken in its natural meaning signifies 'contrary to any law'"). A magistrate judge has broad discretion in resolving nondispositive discovery disputes, and a district court should not overrule the magistrate judge's determination absent an abuse of discretion. *Weber v. Jones*, No. 8:12-cv-03349-TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014).

**Discussion**

On October 30, 2018, the Magistrate Judge held a hearing on several nondispositive motions, and on November 2, 2018, he issued an order ruling on the motions. *See* ECF Nos. 122, 132, & 136. Both Plaintiff and Defendant have filed objections to that nondispositive order, as well as responses to each other's objections. *See* ECF Nos. 141, 147, 150, 154, & 157.

**I.     Plaintiff's Objections**

Plaintiff's first objection relates to a motion that he filed in July 2018. *See* Pl.'s Objs. [ECF No. 141] at pp. 2–7. That motion is captioned "Motion to Take Judicial Notice to Declare Undisputed Facts and to Declare the Peer Review Process Unconstitutional and Unlawful." *See* ECF No. 92 (hereinafter, "the Peer Review Motion").[2] Plaintiff attempted to argue the Peer Review Motion at the October 30

---

[2] The Peer Review Motion appears to challenge the constitutionality of the peer review procedure used by the engineer—Christopher Scallion, P.E. of Donan Engineering Company, Inc.—who inspected Plaintiff's property and prepared a structural engineering report. *See* ECF No. 92; *see also* Pl.'s Objs. at pp. 4–5 ("The question before this Honorable Court that should have been addressed by the Federal Magistrate Judge, Thomas Rogers III[,] was does the peer review procedure violate fundamental constitutional rights of an insured who has a Standard Flood Insurance Policy to protect their home from a natural disaster such as this major catastrophic flood event of what

2

hearing, but the Magistrate Judge stopped him and explained the hearing was limited to discovery-related matters. *See* Transcript [ECF No. 149] at pp. 28–29 ("[A]s to the validity of the peer review process, whether it's correct or not, that's not something that we're going to decide today. . . . [T]hat's not something that you argue in a discovery motion.").[3] The Magistrate Judge did not rule on the Peer Review Motion in his order, and Plaintiff contends the Magistrate Judge erred in not doing so. *See* Pl.'s Objs. at pp. 2–7. However, the Court concludes the Magistrate Judge properly exercised his discretion in not ruling on the Peer Review Motion when taking up discovery matters, and this decision is not clearly erroneous or contrary to law. The Peer Review Motion *still remains pending*, *see* ECF No. 92, and at the appropriate time the Magistrate Judge will either rule on it or enter a report and recommendation for this Court's review. Plaintiff's first objection is premature.

Plaintiff's second objection concerns the Magistrate Judge's ruling on a motion to quash filed by nonparties Donan Engineering Company, Inc. and Christopher Scallion, and more specifically, the Magistrate Judge's ruling regarding a laptop computer that Scallion used when investigating Plaintiff's flood damage claim. *See* Pl.'s Objs. at pp. 7–13. Because Donan and Scallion had asserted they were no longer in possession of the laptop, the Magistrate Judge ordered, *inter alia*, the following:

> Laptop computer: Donan is directed to provide an affidavit

---

became known as the 'Great Flood of 2015'?").

[3]   Although the Magistrate Judge initially stopped Plaintiff from arguing the Peer Review Motion, the transcript shows the Magistrate Judge subsequently (and generously) allowed Plaintiff to revisit the arguments made in that motion. *See, e.g.*, Tr. at pp. 79–85, 88, 91–92. Having reviewed the statements in Plaintiff's objections and his response to Defendant's objections, it appears the Notice of Hearing (*see* ECF No. 122) issued by the Clerk may have created some confusion regarding what motions the Magistrate Judge was hearing on October 30. Because Plaintiff had filed the Peer Review Motion in the same document as another motion (entitled "Motion for Hearing to Address Materiality and Relevancy of Subpoena Served on Donan") and both motions were jointly docketed at ECF No. 92, the Notice of Hearing listed both motions. *See* ECF No. 122. However, the Magistrate Judge clarified at the October 30 hearing that he was only hearing discovery-related matters—which did not include the constitutionality arguments raised in the Peer Review Motion but instead dealt with Plaintiff's subpoena to Donan and Scallion.

> setting forth Donan's standard protocol for replacing laptop computers, the reason the specific laptop computer at issue here was replaced, when it was replaced, and what was done with the laptop itself. Also, the affidavit should include an explanation of what information and contents contained on the laptop were stored and preserved and in what format. Additionally, Donan and Scallion should produce any correspondence or written communication associated with the return and replacement of the laptop and the preservation of its contents.

ECF No. 136 at pp. 4–5. Plaintiff contends the Magistrate Judge's order "should be amended by ordering the Defendant and . . . Donan Engineering and Christopher Scallion to produce the working lap top and make it available for a computer forensic inspection . . . ." Pl.'s Objs. at pp. 9–10. However, while Donan and Scallion assert they no longer have the actual/physical laptop device because it was decommissioned due to age, their counsel explained at the October 30 hearing that this issue was "a red herring" because "all of the information that could have been gleaned from that laptop has already been downloaded and provided by Mr. Scallion." Tr. at p. 11. The Court finds the Magistrate Judge's ruling regarding the laptop and its electronically stored contents sufficiently requires Donan and Scallion to account—via affidavit and otherwise—for the unavailability of the laptop itself, and that ruling is neither clearly erroneous nor contrary to law.[4]

Plaintiff's third objection concerns the Magistrate Judge's ruling on Plaintiff's motion to compel a nonparty, Torrent Technologies, to produce items requested in a subpoena that Plaintiff served on Torrent. *See* Pl.'s Objs. at pp. 13–15. However, as the Magistrate Judge's order correctly indicates, Plaintiff must make this motion in the District of Montana, where Torrent Technologies is located and

---

[4] Relatedly, Plaintiff asserts it was error for the Magistrate Judge "not to sanction Defendant and their third party for destroying the laptop." Pl.'s Objs. at pp. 10–12. The Court agrees with the Magistrate Judge that Plaintiff has failed to present sufficient evidence warranting sanctions, and to the extent Plaintiff challenges the Magistrate Judge's ruling regarding Plaintiff's motion to sanction, *see* ECF No. 136 at p. 8, the Court concludes the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law.

where the discovery was supposed to occur. *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order [compelling disclosure or discovery] to a nonparty must be made in the court where the discovery is or will be taken."); *see, e.g.*, *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2016 WL 756485, at *2 (S.D.W. Va. Feb. 25, 2016) ("[T]he subpoenas served on [the nonparties] were issued by this court, but the depositions and document production were to occur in Orlando, Florida. Consequently, the district of production and compliance was the Middle District of Florida, and a motion to compel . . . would normally be filed in that district court.").

Plaintiff's final objection relates to the Magistrate Judge's denial without prejudice of Defendant's Motion to Waive Mediation Requirement. *See* Pl.'s Objs. at pp. 15–16. Plaintiff contends the Magistrate Judge should have denied this motion *with* (not without) prejudice. However, as explained below, the Magistrate Judge's ruling is not clearly erroneous or contrary to law.

The Court will overrule Plaintiff's objections.

## II.     Defendant's Objection

Defendant's sole objection is to the Magistrate Judge's denial *without* prejudice of its Motion to Waive Mediation Requirement, arguing the Magistrate Judge should have granted this motion pursuant to Local Civil Rule 16.05 (D.S.C.) and dispensed with mediation based on Plaintiff's allegedly hostile conduct.[5] *See* Def.'s Objs. [ECF No. 147].[6] Meanwhile, as indicated above, Plaintiff claims the Magistrate Judge should have denied the motion *with* prejudice. *See* Pl.'s Objs. at pp. 15–16.

---

5       Although Defendant cites 28 U.S.C. § 636(b)(1)**(C)** and Fed. R. Civ. P. 72**(b)(2)**, *see* Def.'s Objs. at pp. 1, 5, and suggests the standard of review should be "de novo," the correct standard is the "clearly erroneous" or "contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)**(A)** and Fed. R. Civ. P. 72**(a)** because the Magistrate Judge issued an order (not a report and recommendation) ruling on a "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).

6       Defendant has submitted various exhibits in support of its objection. *See* ECF Nos. 147-1 to 147-9.

The Court concludes the Magistrate Judge's denial—*without prejudice*—of Defendant's Motion to Waive Mediation Requirement is not clearly erroneous or contrary to law. The Magistrate Judge modified the mediation deadline to occur "within thirty days of the disposition of Defendant's Motion for Summary Judgment" ECF No. 136 at p. 8; *see* ECF No. 104 (Defendant's pending summary judgment motion). The Magistrate Judge's ruling is logical in that it does not preclude Defendant from renewing its request to waive the mediation requirement in the event its pending summary judgment motion is denied (i.e., mediation need not necessarily occur before the Court rules on the summary judgment motion).[7] Accordingly, the Court will overrule the parties' respective objections.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** the parties' objections and **AFFIRMS** the Magistrate Judge's nondispositive order [ECF No. 136].[8]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
January 8, 2019  R. Bryan Harwell
  United States District Judge

---

[7] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the Magistrate Judge will prepare a Report and Recommendation ("R & R") on Defendant's pending summary judgment motion, and the Court will consider any timely objections to the R & R.

[8] In light of the Court's ruling, Plaintiff's motion to stay [ECF No. 143] and nonparties Donan and Scallion's related motion for an extension of time [ECF No. 153] are **MOOT**. Additionally, the Court finds a hearing on the parties' objections is unnecessary and therefore **DENIES** Plaintiff's motion for a hearing [ECF No. 142]. *See generally* Local Civ. Rule 7.08 (D.S.C.) ("[M]otions may be determined without a hearing.").