UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENNETH D. DIPPEL, | ) | Civil Action No.: 4:16-cv-1605-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| SOUTH CAROLINA FARM BUREAU | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

In this action, Plaintiff, who is proceeding pro se, alleges that Defendant breached its insurance contract with Plaintiff and acted in bad faith when it denied Plaintiff's claim for flood damage to his property.  Numerous motions are pending: Plaintiff's Motions to Take Judicial Notice to Declare Undisputed Facts and to Declare the Peer Review Process Unconstitutional and Unlawful (ECF Nos. 92, 188), Defendant's Motion to Strike (ECF No. 185), Plaintiff's Motions for Sanctions (ECF Nos. 196, 197), and Plaintiff's Motion to Strike (ECF No. 198). This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) after counsel for Plaintiff was relieved and Plaintiff informed the court that he wished to proceed pro se.

## II.    DISCUSSION

### A.    Motions Regarding Judicial Notice and Constitutionality of Peer Review Process

These motions involve a Structural Engineering report ("the Donan Report") created by Chirstopher Scallion, P.E., with Donan Engineering Company, Inc. which was retained by Defendant at Plaintiff's request when Defendant was adjusting Plaintiff's flood insurance claim.  The Donan

Report and discovery relating to its creation have already been the subject of several motions in this action.[1]  Through discovery, Plaintiff learned that the Donan Report went through a peer review process, which led to some changes to the final draft provided to Defendant for their purposes of adjusting Plaintiff's claim.  Herb Goff, P.E., CFEI, Donan's General Manager, avers that Donan generated a total of seven draft versions of the Donan Report related to Plaintiff's claim.  Goff Aff. ¶ 4(a) (ECF No. 96-2).  He also lists the drafts in the order they were created along with bates numbers to identify when each draft was created.  Goff Aff. ¶ 4(b).  Donan and Scallion also attach a copy of the letter from counsel for Defendant to Plaintiff's former counsel producing copies of the seven drafts.  Groves Letter and Attachments (ECF No. 96-1).  Despite this production, Plaintiff believes that Scallion and Donan are withholding the original, pre-peer review Donan Report.  Plaintiff also argues that Scallion or Donan have destroyed or are concealing the laptop used by Scallion at the time he created the Donan Report. Plaintiff asks the court to take judicial notice of these assertions.

Plaintiff argues that "FRE 201(c) . . . **mandates** this Honorable Court **to conduct an in person hearing to take judicial notice.**"  Pl. Resp. p. 2 (ECF No. 112).  Subsection (c) states that the court "may take judicial notice on its own [ ] or must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed.R.Evid. 201(c). The rule makes no mention of a requirement that a court hold an in person hearing on this issue.  Further, subsection (b) sets forth the kinds of facts that may be judicially noticed: "the court may judicially notice a fact that is not subject to reasonable dispute because it [ ] is generally known within the trial court's

---

[1]The undersigned has already issued a ruling on the Motion to Quash and Motion to Compel involving the Donan Report, which was affirmed on appeal to the district judge.  See Order dated Nov. 2, 2018 (ECF No. 126); Order dated Jan. 8, 2019 (ECF No. 161).

territorial jurisdiction [ ] or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).  As stated in the Advisory Committee Notes to Rule 201, a "tradition of circumspection" surrounds judicial notice of adjudicative facts, and courts should exercise caution in taking judicial notice, doing so only when the matter is beyond reasonable controversy. Fed.R.Evid. 201(b) advisory committee note; see In re Harmony Holdings, LLC, 393 B.R. 409, 412–13 (Bankr.D.S.C.2008).  It is safe to say that the facts for which Plaintiff seeks judicial notice are far from beyond reasonable controversy.  As such, Plaintiff's motion is denied to the extent he seeks judicial notice.

Plaintiff also argues that the peer review process used by Donan during the drafting of the Donan Report is unconstitutional and unlawful and asks the court to "declare" it as such, relying on Raimey v. Wright Nat. Flood Ins. Co., 76 F.Supp.3d 452 (E.D.N.Y. 2014).  However, Raimey does not address the constitutionality or lawfulness of the peer review process used by engineering firms and, in fact, explicitly states

> This Court does not hold that the peer review process as a methodology is unsound, flawed, or fraudulent. To the extent that any aspect of the November 7 Order[2] could be read to imply that, this Court makes clear that the concept of peer review is not being placed into question by this Court. Further, this Court is not holding that an individual peer review resulting in a change of conclusions from the original draft is inherently wrong or fraudulent. In some cases, it well may be that the initial examiner made mistakes that should be corrected upon review.

Id. at 471.  In Raimey, the original draft and final draft of the report at issue contained "completely divergent" conclusions, In re Hurricane Sandy Cases, 303 F.R.D. at 21, and the original draft was not produced in discovery.  Id. at 19.  The district court affirmed the magistrate judge's award of

---

[2]Raimey is an order by the district court affirming the ruling of the magistrate judge assigned to the action.  See In re Hurricane Sandy Cases, 303 F.R.D. 17 (E.D.N.Y.) (Nov. 7, 2014).

sanctions pursuant to Fed.R.Civ.P. 37 and the order that all defendants in all Hurricane Sandy cases produce all copies of reports and drafts of reports not previously produced. <u>Raimey</u>, 76 F.Supp.3d at 472, 477. Plaintiff cites to no authority supporting a conclusion that the peer review process is unconstitutional or unlawful. Accordingly, Plaintiff's motion is denied.

### B. Motions to Strike

Both parties seek to strike certain aspects of the other's briefings in this case. Defendant seeks to strike four documents filed by Plaintiff in opposition to its motion for summary judgment and in support of his own motion for summary judgment, and Plaintiff seeks to strike any reference by Defendant of a pre-existing on site drainage problem or improper grading and any apparent disagreement with Plaintiff regarding the amount of rain that fell during the rain and flooding event at issue in this case.

Both parties cite to Fed.R.Civ.P. 12(f). However, a motion to strike matter other than pleadings[3] is not permitted under Federal Rule of Civil Procedure 12(f), insofar as that rule refers only to striking "pleadings." <u>See</u> <u>Anusie–Howard v. Todd</u>, 920 F.Supp.2d 623, 627 (D.Md.2013), aff'd. 615 Fed.Appx. 119 (4th Cir.2015). Thus, Rule 12(f) is not applicable here. Other rules within the Federal Rules of Civil Procedure allow for a court to strike evidence from the record. Specifically, Fed.R.Civ.P. 37(c)(1) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."

---

[3]A pleading is a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross claim, an answer to a third-party complaint, or a court-ordered reply to an answer. <u>See</u> Fed.R.Civ.P. 7(a).

Defendant moves to strike (1) Memorandum from NFIP Clearinghouse to WYO Principal Coordinators and NFIP Serving Agents (ECF No. 177 p. 22; ECF No. 178-2 p. 3); (2) Chris Scallion–Donan Discrepancies & Evidence of Alteration of the Report[4] (ECF No. 177 pp. 73-80; ECF No. 178-2 pp. 54-61); (3) Pro-Lab Certificate and Report of Mold Analysis dated April 24, 2018 (ECF No. 177-2 pp. 49-56; ECF No. 178-4 pp. 46-53; and (4) Letter/Report from William C. Forbes dated March 26, 2019 (ECF No. 177-2 pp. 5-44; ECF No. 178-4 pp. 1-41).

Defendant argues that Plaintiff failed to submit any of these documents in response to Defendant's discovery requests nor supplement his responses with these documents, as required by Fed.R.Civ.P. 26(e). Defendant asserts that the first time it became aware of these documents is when Plaintiff submitted them in opposition to Defendant's motion for summary judgment. Plaintiff does not dispute that he did not provide these documents in his discovery responses to Defendant. Rather, he argues either it was not necessary to disclose them in discovery, r good cause exists for disclosing them when he did, or the late disclosure is harmless.

Plaintiff argues that the Memorandum from NFIP Clearinghouse to WYO Principal Coordinators and NFIP Serving Agents[5] is readily available online to anyone and discovery is not required when documents are readily obtainable by the other party. However, despite whether the document was readily available online, Plaintiff failed to disclose it in response to Defendant's Interrogatory 11:

---

[4]This is a document created by Plaintiff to set forth the discrepancies he sees in the Donan Report.

[5]This Memorandum, dated October 23, 2015, sets forth FEMA's adjusted dates of loss for the October 2015 Severe Storms event, and provides September 27, 2015-October 15, 2015, as the dates of loss for South Carolina.

> Set forth a list of any and all evidence, of whatever nature, form, and kind, which Mr. Dippel believes provides support to his position that Mr. Dippel's insured property has sustained a "direct physical loss by or from flood" entitling him to the $250,000.00 maximum building replacement coverage limits of the South Carolina Farm Bureau Flood Policy.

Def. Interrogatories (ECF 185-1). Plaintiff also argues that he has submitted this FEMA memorandum in various court filings, citing ECF Nos. 121 and 133, and his failure to disclose it in discovery is harmless because the memorandum is issued by FEMA to Defendant as a WYO company and is binding on Defendant because it contains instructions for how to handle flood claims. Defendant fails to show how this document setting forth the appropriate dates of loss for South Carolina is harmful. Thus, Defendant's motion to strike is denied as to this document.

The Chris Scallion–Donan Discrepancies & Evidence of Alteration of the Report is a document drafted by Plaintiff that includes his observations regarding the evidence in the case, namely the Donan Report. The document is akin to an additional memorandum in opposition to Defendant's motion for summary judgment and in support of Plaintiff's own motion for summary judgment. It is not the type of document that must be disclosed in discovery. Therefore, Defendant's motion to strike is denied as to this document as well.

Defendant also seeks to strike the Pro-Lab Certificate and Report of Mold Analysis dated April 24, 2018. Plaintiff does not dispute that he did not provide this document during discovery. He argues that it is not an expert report and it is material to this litigation. He also argues that "at no time prior to Defendant's motion for summary judgment did the Defendant[] seek any additional discovery." Pl. Motion to Strike p. 5 (ECF No. 186). However, this lab report is clearly responsive

to a number of Defendant's Requests for Production[6], which were served on Plaintiff in August of

2016.  Def. Discovery Requests (ECF No. 185-1).  Pursuant to Fed.R.Civ.P. 26(e), Plaintiff has a

duty to supplement his discovery responses.  It is not the duty of the requesting party to resubmit its

discovery requests.  As set forth above, "if a party fails to provide information or identify a witness

as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply

evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is

harmless."  Plaintiff makes no argument that his failure to provide this information was substantially

justified or that it is harmless.  Thus, Defendant's motion to strike is granted as to the  Pro-Lab

Certificate and Report of Mold Analysis dated April 24, 2018.

Finally, Defendant seeks to strike the Letter/Report from William C. Forbes dated March 26,

2019.  In this Letter, William C. Forbes, Jr., P.E., D.E.E., senior principal engineer with Forensic

Analysis & Engineering Corporation (FAEC), states that FAEC was retained on February 15, 2019,

to investigate the causation of the damage to Plaintiff's property.  Letter/Report from William C.

Forbes dated March 26, 2019 (ECF No. 177-2 pp. 5-44).  Forbes sets forth the specifics of the project

---

[6]For example,

7.  Provide legible and complete copies (including any and all attachments
thereto) of all correspondence, reports, letters, memoranda, or the like given to
Mr. Dippel by any person, entity, company, corporation, association, or
organization relating to the coverage issues or matters involved in this litigation.
                                    * * *
9.  Provide legible and complete copies (including any and all attachments
thereto) of all reports by any and all of Mr. Dippel's experts and/or investigators
relating to the claims Mr. Dippel has asserted in this litigation action, including
specifically any and all reports addressing property damage to the Dippel
Residence.

Def. Discovery Requests (ECF No. 185-1).

assignment, the documents and photographs he reviewed, his onsite observations, the research he conducted, and the opinions he reached based upon his investigation. He also attached to the letter his Curriculum Vitae and "Rule 26 Disclosure." In other words, Forbes provided an expert report.[7] The Fifth Consent Amended Scheduling Order (ECF No. 43), filed January 23, 2018, provides an expert witness deadline for Plaintiff of March 3, 2018. Forbes was not disclosed at that time. In fact, as stated in the letter, he was not retained until February 15, 2019. In response to Defendant's argument regarding the timeliness of this report under the scheduling order, Plaintiff notes that the Fifth Amended Scheduling Order was filed before this case was transferred to the undersigned and the scheduling order was no longer in effect once that transfer occurred. He argues that under "Rule 26(B)(viii)"[8] disclosure rules do not apply to a proceeding ancillary to a proceeding in another court and, thus, should not apply here. However, the rule cited by Plaintiff applies only to initial disclosures, and the automatic transfer of this case to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) did not create an ancillary proceeding in another court. This case remains in the United States District Court. Further, there is no provision nullifying a scheduling order once a case is transferred to a magistrate judge. Plaintiff never moved to amend the scheduling order in this case. Thus, Plaintiff's argument is without merit.

Plaintiff also argues that Defendant is not harmed by his failure to disclose this expert report because the Defendant can freely conduct additional discovery. However, Plaintiff provides no

---

[7]Fed.R.Civ.P. 26(a)(2) sets forth the general requirements that parties must disclose the identities of their expert witnesses and provide a written expert report. Fed. R. Civ. P. 26(a)(2)(B) details the requirements of the expert's written report, which includes "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i).

[8]Presumably, Rule 26(a)(1)(B)(viii).

justification for failing to retain this expert and disclose his report prior to the scheduling order deadline or even prior to his response in opposition to Defendant's motion for summary judgment.[9] Additionally, some issues raised by Plaintiff would be more appropriately addressed in a motion in limine. Accordingly, Defendant's motion to strike is granted as to the Letter/Report from William C. Forbes dated March 26, 2019.

Plaintiff is not specific as to what he seeks to strike in his motion. He states that the court "should strike every pleading filed by Defendant and any evidence they rely on for a pre-existing on site drainage problem," "all of Defendant's improper grading claims and every document that relies upon such," and "any expert reports relied on by the Defendant in arriving at their misrepresented conclusory opinions." Pl. Motion to Strike pp. 2, 3, 7. He also mentions striking any discussion by Defendant regarding the amount of rain that fell during the rain/flood event at issue in this case. Plaintiff argues that Defendant's positions on these issues, i.e., a site drainage problem, improper grading, and the amount of rain at the time of the rain/flood event, are unfounded. Plaintiff mentions striking pleadings, evidence, and expert reports, but he does not identify the specific documents he seeks to strike. Absent a specific discussion of each document he wishes the court to strike and why,

---

[9]Plaintiff has not moved to make his expert disclosure and file his report outside the deadline. However, even if he had, Rule 6(b)(2) provides that, after the expiration of a deadline, the court may extend the deadline only where the failure to act within the deadline was the result of excusable neglect. " 'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir.1996). In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. at 533. "Merely establishing 'excusable neglect' does not entitle one to relief from the filing deadline; even upon a showing of 'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the district court." Id. at 532 n. 2. Plaintiff makes no request to adjust the scheduling order deadline, much less make the requisite showing of excusable neglect.

the undersigned cannot make an informed decision as to whether such relief is proper. The striking of pleadings under Rule 12(f) is a drastic remedy and is not favored by courts. 5A C. Wright and A. Miller, Federal Practice and Procedure: Civil, § 1380 at 647. Further, to the extent the court has inherent authority to strike other documents, such authority must be exercised with restraint and discretion. Anusie–Howard, 920 F.Supp.2d at 627 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). For these reasons, Plaintiff's motion to strike is denied.

## C.    Motions for Sanctions

### 1.    Sanctions Against Defendant and Counsel

Plaintiff also has pending two motions for sanctions. In his first motion (ECF 196), he seeks sanctions against Defendant's counsel under Fed.R.Civ.P. 11 for making knowing and intentional misrepresentations of facts in Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 180), Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 184) and Defendant's Motion to Strike (ECF No. 185).[10] He asks the court to impose sanctions by striking ECF No. 184 and ECF No. 185 as well as the Donan Report.

Rule 11 provides in relevant part,

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified,

---

[10]Plaintiff also mentions ECF 186, but that is his own filing.

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed.R.Civ.P. 11.

In his motion, Plaintiff argues that "[t]he latest pleadings filed by Defendant's Counsel, Mr. Steven Groves, is completely without merit and was filed solely for improper purposes, including (i) harassing the Plaintiff; (ii) trying to intentionally misrepresenting facts [sic] in order to induce the Court to take an action that it would not otherwise take; and (iii) the 'one shoe size fits all'– '*the earth movement exclusion*' **all inclusive to every aspect of this Plaintiff's claim is frivolous** [sic]." Pl. Motion p. 4. Throughout his motion, Plaintiff represents these filings by Defendant as "a tirade of misrepresentation facts and evidence [sic]," "knowingly intentionally misrepresentation of facts [sic]," "frivolous," "a rant of temper tantrums," and "mudslinging." He asserts that Defendant has demonized him, ridiculed him, and portrayed him as a villain and a flip-flopper in a "constant barrage of filings." Despite these repeated representations, however, Plaintiff provides very few specifics as to how Defendant's filings violate Rule 11. He mentions Defendant's arguments regarding the earth movement exclusion in the flood insurance policy at issue and the replacement of Plaintiff's outside air conditioning/heating unit. Defendant and its counsel are responding to arguments raised by Plaintiff in his filings and are advancing arguments regarding the matters at issue in this case based upon the evidence as they see it, the flood insurance policy, and the

applicable case law as they interpret it.  In its motion to strike, Defendant seeks to strike evidence it believes should have been produced during discovery.  Plaintiff fails to show any action of Defendant's counsel violate Rule 11.

**2.    Sanctions against Non-Parties Chris Scallion and Donan Engineering**

In his second motion for sanctions, Plaintiff asks the court to issue sanctions against Chris Scallion and Donan Engineering for failing to fully comply with this court's November 2, 2018, Order on Donan and Scallion's motion to quash and Plaintiff's motion to compel.  Plaintiff also seeks sanctions against Scallion for not being truthful during his deposition regarding the exact whereabouts of his "working laptop computer."  Plaintiff asks the court to strike the Donan Report from the record and prevent Defendant from relying on it in its motion for summary judgment, to direct Scallion and Donan to produce "all the documents and all EDI in the court's November 2, 2018, order *without any privilege log*," Pl. Motion (ECF No. 197) p. 10, produce the mirror image copy of Scallion's working lap top, and produce all emails to and from Scallion and John Hunter Miller.  Donan and Scallion first argue Plaintiff's motion is untimely but also that they have fully complied with the court's November 2, 2018, order.  In his Reply, Plaintiff states that Donan and Scallion have failed to produce (1) all documents in the Donan Project tool server pertaining to the Dippel project, (2) cloud storage documents and all communications from October 20, 2015, to November 30, 2015, to and from John Hunter Miller, (3) email of Roger Glen Hayes dated November 5, 2015, (4) electronically stored documents in Scallion's Google Drive and corresponding email address, and (5) the pre peer review unedited report.

Plaintiff moves for sanctions against Scallion and Donan pursuant to Fed.R.Civ.P. 37(b)(2)(A), which provides for sanctions against a party for failing to comply with a discovery

order. Neither Scallion nor Donan are parties to this action. Thus, Rule 37 is inapplicable. Rule 45(g), however, states that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." A party seeking a civil contempt order must show by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge, at least constructive knowledge, of such violations; and (4) that the movant suffered harm as a result. Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000). The only showing at issue here is whether Scallion and Donan knowingly violated the terms of the court's order.

As an initial matter, Scallion and Donan argue that the present motion is untimely. Scallion and Donan produced the documents set forth in the November 2, 2018, order on December 3, 2018. Plaintiff filed the present motion on May 7, 2019. Rule 45(g) does not provide a timeline within which a party must move for a contempt order. However, Local Rule 7.03 requires that motions be filed "immediately after the issues raised thereby are ripe for adjudication." Local Civil Rule 7.03, D.S.C. Even if Plaintiff had raised the issue immediately after it was ripe, Plaintiff has failed to show that Scallion or Donan violated the November 2, 2018, order.

With respect to all documents in the Donan Project tool server pertaining to the Dippel project, the court ordered that "Donan is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist." Order (ECF No. 136) p. 5. In response, Scallion and Donan produced the affidavit of Herb Goff, P.E., CFEI, Donan's General Manager, who stated that he was unaware of any tool known as the "Donan Project Tool

Server" and believe this is a term coined by Plaintiff. He believed Plaintiff's use of this term applied to Donan's cloud based repository. Goff Aff. ¶ 4, n.1 (ECF No. 204-1 p. 39). He further stated "I attest that after a diligent search by Donan's IT Department, all existing documents responsive [to the subpoena and the court's order] have been previously produced and are being produced contemporaneously herewith. I further attest that any documents not produced either no longer exist or never existed." Goff Aff. ¶¶ 4-5. Along with the affidavit, Scallion and Donan produced over five hundred pages of documents (Donan Engineering 000001 - 00572). Plaintiff fails to show that Scallion and Donan did not comply with this portion of the court's order.

As to cloud storage documents and all communications from October 20, 2015, to November 30, 2015, to and from John Hunter Miller, the court ordered "Donan is directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist." Order (ECF No. 136) p. 5. Donan and Scallion produced another affidavit of Goff, in which he stated "I attest that after a diligent search by Donan's IT Department, all existing documents responsive [to the subpoena and the court's order] have been previously produced and are being produced contemporaneously herewith. I further attest that any documents not produced either no longer exist or never existed." Goff Aff. ¶¶ 4-5 (ECF No. 204-9 p. 56). Scallion and Donan produced five pages of emails to and from John Hunter Miller in addition to the more than five hundred pages mentioned above. Plaintiff fails to show that Scallion and Donan did not comply with this portion of the court's order.

Plaintiff also complains of not receiving the email of Roger Glen Hayes dated November 5, 2015. The court ordered that "Donan is directed to forward this email along with its attachments in

its original format to Plaintiff's email address listed in the subpoena or provide an affidavit addressing why the email cannot be forwarded as directed." Order (ECF No. 136) p. 5. Scallion and Donan produced an affidavit from Goff, in which he stated "I attest that after a diligent search by Donan's IT Department, Donan is not in possession of the described email. By way of further explanation, the email was sent from a non-Donan email account to other email accounts and persons not associated with Donan. Thus, Donan would not be in possession of the email in its original format because it did not send or receive the described email." Goff Aff. ¶¶ 4-5 (ECF No. 204-9 p. 66). Although Donan did not produce this email, it complied with the order by providing an affidavit addressing why the email could not be forwarded and Donan has shown an adequate excuse for not doing so. Rule 45(a)(1)(A)(iii) requires a person to whom a subpoena is directed to produce only those documents that are within the person's "possession, custody, or control." Hayes is an employee of Defendant[11], not Donan, and thus, the original email sent by Hayes is not in Donan's possession, custody or control.

Plaintiff also states he has not received electronically stored documents in Scallion's Google Drive and corresponding email address. The court directed Scallion "to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist." Order (ECF No. 136) p. 5. Scallion produced an affidavit in which he stated "I have reviewed the aforementioned account and drive and attest that no such documents or data exists. I can further attest that I used my Google Drive and Google email account only for personal, non-work related matters, so at no point in time would any information or material related to the Dippel matter

---

[11]See, e.g. Letter from Hayes to Plaintiff (ECF No. 89-1 p. 22).

have been located in this drive or email account." Scallion Aff. ¶ 4 (ECF No. 204-9 pp. 69-70). Scallion complied with the order.

Finally, Plaintiff complains about not receiving the pre peer review unedited report. The order stated, "Pre peer review unedited report of Chris Scallion dated prior to November 5, 2015, and all editing information and documents that culminated in the final report: Donan and/or Scallion are directed to produce all such documents **as they relate to the Dippel claim** and provide an affidavit stating that all such items have been produced, are subject to privilege (in which case a privilege log must also be produced), or do not exist." Order (ECF No. 136) p. 6. Scallion submitted an affidavit in which he stated

> I attest that after a diligent search by myself (as well as what I understand to be multiple employees of Donan's IT and operations departments), all existing documents responsive [to the portion of the order regarding the pre peer review unedited report] have been contemporaneously produced herewith. Furthermore, I attest that there is no pre-peer review, unedited version of the report other than the version of the report bates numbered Donan Engineering 000003 -00032 produced contemporaneously herewith. The is the only pre-peer review version of the report I ever prepared for the project in question.
> Additionally, with respect to Draft 1 (i.e., Donan Engineering 000002 -00032) previously produced and produced herewith, there is a comment box and corresponding comment [A1] on page 6 of the report as produced. To the best of my knowledge and recollection, the comment was included by me for the benefit of the peer reviewer. I have routinely made similar comments on reports in the past for the benefit of peer reviewers. However, the comment was not an "edit" or revision to Draft 1, which, as explained above, is the only pre peer review unedited report for the Dippel claim.

Scallion Aff. ¶¶ 4-5 (ECF No. 204-9 pp. 73-74). Plaintiff has previously been provided these drafts and with sworn statements that no other drafts of the report prepared by Scallion exist other than what has already been provided. See Goff Aff. ¶¶ 4-5 (ECF No. 96-2 pp. 2-3). Scallion and Donan have repeatedly made this representation throughout their filings in this matter. Plaintiff has

presented nothing more than speculation and conjecture that any earlier draft report exists as to his flood insurance claim at issue in this case. Donan and Scallion have fully complied with the order of November 2, 2018, and a finding of contempt is not appropriate. Therefore, Plaintiff's motion is denied.

### D.     Subpoenas

As a final matter, the court notes that Plaintiff has filed several letters requesting the issuance of subpoenas, see ECF Nos. 143, 152, 176, 195, 205, but did not actually submit any subpoenas to be signed until May 1, 2019, ECF No. 195. The first letter for this round of subpoenas[12] was filed November 13, 2018, ECF No. 143, long after the discovery deadline passed on July 5, 2018.[13] A majority of jurisdictions have held that a subpoena issued under Fed. R. Civ. P. 45, seeking the pretrial production of documents, constitutes a discovery device. See Mortg. Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566–67 (W.D.N.C. 2002) (collecting cases). "Consequently, pretrial subpoenas duces tecum are 'subject to the same time constraints that apply to all of the other methods of formal discovery.'" Wei-Ping Zeng v. Marshall Univ., No. 3:17-CV-03008, 2019 WL 164813, at *3 (S.D.W. Va. Jan. 10, 2019) (citing Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443–44 (D. Minn. 1997)). Plaintiff's requests for subpoenas are untimely.

### III.    CONCLUSION

For the reasons discussed above, Plaintiff's Motions to Take Judicial Notice to Declare

---

[12]The court has previously issued several subpoenas to Plaintiff.

[13]The deadlines in this case were stayed for 30 days on April 5, 2018, to allow Plaintiff time to find new counsel, thereby adding 30 days to the deadlines set forth in the Amended Scheduling Order. Therefore, the June 5, 2018, discovery deadline as stated in the scheduling order was extended until July 5, 2018, as a result of the stay.

Undisputed Facts and to Declare the Peer Review Process Unconstitutional and Unlawful (ECF Nos. 92, 188) are **DENIED**, Defendant's Motion to Strike (ECF No. 185) is **GRANTED in part and DENIED in part** as set forth above, Plaintiff's Motions for Sanctions (ECF Nos. 196, 197) are **DENIED**, and Plaintiff's Motion to Strike (ECF No. 198) is **DENIED**.  Finally, Plaintiff's requests for subpoenas are untimely.

       **IT IS SO ORDERED**.

                                s/Thomas E. Rogers, III
                                Thomas E. Rogers, III
                                United States Magistrate Judge

July 26, 2019
Florence, South Carolina