UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth D. Dippel, | ) | Civil Action No.: 4:16-cv-01605-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Farm Bureau Mutual Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kenneth D. Dippel ("Dippel") filed this lawsuit against Defendant South Carolina Farm Bureau Mutual Insurance Company ("SC Farm Bureau") seeking recovery under a standard flood insurance policy. The matter is presently before the Court for consideration of Dippel's timely objections to a nondispositive order issued by United States Magistrate Judge Thomas E. Rogers, III.[1] ECF Nos. 213, 217-1.

**Standard of Review**

A magistrate judge may hear, decide, and issue written orders on nondispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A ruling "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[1] Because Plaintiff is currently proceeding *pro se,* all pretrial proceedings are automatically assigned to the Magistrate Judge pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Both the Magistrate Judge and this Court are mindful that "document[s] filed *pro se* [are to] be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *cf. United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("[T]he special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate.") (internal quotation marks, ellipsis, brackets, and citation omitted)).

committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (defining "clearly erroneous"). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Guarantee Co. of North America USA v. Metro Contracting, Inc.*, No. 2:13-cv-02266-PMD, 2015 WL 402909, at *3 (D.S.C. Jan. 28, 2015) (alteration in original); *see also Callahan v. United States*, 285 U.S. 515, 517 (1932) (explaining "[t]he phrase 'contrary to law' as . . . taken in its natural meaning signifies 'contrary to any law' . . . ."). A magistrate judge has broad discretion in resolving nondispositive discovery disputes, and a district court should not overrule the magistrate judge's determination absent an abuse of discretion. *Weber v. Jones*, No. 8:12-cv-03349-TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014).

## Discussion

On July 26, 2019, the Magistrate Judge issued an Order ruling on a number of nondispositive motions. ECF No. 213. The Order ruled on: 1) Dippel's motions to take judicial notice to declare undisputed facts and to declare the peer review process unconstitutional and unlawful, ECF Nos. 92; 188; 2) SC Farm Bureau's motion to strike, ECF No. 185; 3) Dippel's motions for sanctions, ECF Nos. 196; 197; 4) Dippel's motion to strike, ECF No. 198; and 5) Dippel's requests for subpoenas, ECF Nos. 143; 152; 176; 195; 205. ECF No. 213. Dippel timely filed objections to the Magistrate Judge's Order; the Clerk of Court entered Dippel's objections on August 7, 2019. ECF No. 217-1.[2] SC Farm Bureau filed a response on August 19, 2019. ECF No. 228. Non-parties Donan Engineering ("Donan") and Christopher M. Scallion ("Scallion") filed a response August 21, 2019. ECF No. 232. Accordingly,

---

[2] Dippel's objections to the Magistrate Judge's nondispositive Order, ECF No. 213, were attached to Dippel's objections, ECF No. 217, to a Report and Recommendation ("R & R") issued by the Magistrate Judge on July 26, 2019, ECF No. 214. Dippel's objections to the R & R are not the subject of the instant Order; the Court addresses those objections in a separate Order.

2

this matter is now ripe for decision.

Dippel first objects the Magistrate Judge erred in denying his motions to take judicial notice to declare undisputed facts and to declare the peer review process unconstitutional and unlawful. ECF No. 217-1 at 3-12. The Magistrate Judge held it would be inappropriate to take judicial notice of Dippel's purported facts because said facts were disputed. ECF No. 213 at 1-3. The Magistrate Judge also found Dippel failed to provide support for his argument the peer review process involved in preparing the engineering report on his property was unconstitutional. *Id.* at 3-4. For those reasons, the Magistrate Judge denied Dippel's motions to take judicial notice to declare undisputed facts and to declare the peer review process unconstitutional and unlawful. *Id.*

Dippel avers his facts are not in dispute, are not hearsay, and that he is not asking the Court merely to authenticate documents. ECF No. 217-1 at 7. Accordingly, Dippel asserts the Court should take judicial notice of the facts underlying his claim that the peer review process used in generating the engineering report at issue is unconstitutional. *Id.* at 6-7.

A Court may take judicial notice of facts which are "not subject to reasonable dispute" because they are either generally known within the jurisdiction, or can be "accurately and readily determined" from an accurate source. Fed. R. Civ. P. 201(b). A "tradition of circumspection" surrounds the taking of judicial notice, however, such that judicial notice has traditionally been reserved to those matters "beyond reasonable controversy." Fed. R. Civ. P. 201 advisory committee's note to subdivision (b) 1972 proposed rules. As the Magistrate Judge states: "[i]t is safe to say that the facts for which Plaintiff seeks judicial notice are far from beyond reasonable controversy." ECF No. 213 at 3. The Court thus finds the Magistrate Judge's holding regarding judicial notice is neither clearly erroneous nor contrary to law. For that reason, the Court will overrule Dippel's objection to the Magistrate Judge's Order on

3

the issue of judicial notice.

Dippel next argues the Court should declare unconstitutional the peer review process used in generating the engineering report. ECF No. 217-1 at 3-12. As the Magistrate Judge correctly notes, Dippel "cites no authority supporting a conclusion that the peer review process is unconstitutional or unlawful."[3,4] ECF No. 213 at 4. Accordingly, the Court finds the Magistrate Judge's denial of Dippel's motion to declare the peer review process unconstitutional and unlawful is neither clearly erroneous nor contrary to law, and Dippel's objection to this ruling is thus due to be denied.

Dippel next objects to the Magistrate Judge granting in part SC Farm Bureau's motion to strike. ECF No. 217-1 at 12-15. The Magistrate Judge granted SC Farm Bureau's motion to strike as to the Pro-Lab Certificate and Report of Mold Analysis ("Mold Report") because Dippel failed to disclose it, and as to a letter/report from Forensic Analysis and Engineering ("FAER") because Dippel failed to timely disclose this expert report. ECF No. 213 at 6-9.

Dippel raises five objections to the Magistrate Judge striking the Mold Report and the FAER. ECF No. 17-1 at 12-15. Dippel first argues the Magistrate Judge improperly struck these items under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 when SC Farm Bureau brought its motion to strike under Fed. R. Civ. P. 12(f). *Id.* at 12-13. Dippel next claims discovery is ongoing in the case, such that he may

---

[3] In his arguments before the Magistrate Judge, Dippel relied on *Raimey v. Wright Nat'l Flood Ins. Co.*, 76 F. Supp. 3d 452 (E.D.N.Y. 2014), for the proposition that the peer review process is unconstitutional and unlawful. ECF No. 213 at 3. Dippel now concedes, however, *Raimey* "does not stand for the proposition that the peer review process is constitutional or unconstitutional." ECF No. 217-1 at 8

[4] While asserting he advanced a variety of arguments supporting the unconstitutionality of the peer review process, Dippel concedes he "did not cite to [any] authority supporting a conclusion that the peer review is unconstitutional or unlawful . . . ." ECF No. 217-1 at 9. Further, to the extent Dippel now relies on *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009) to support his argument the peer review process is unconstitutional, ECF No. 217-1 at 9-10, that case is inapplicable here for two reasons. First, *Cushman* does not involve a peer review process. *Cushman*, 576 F.3d 1290. Second, even assuming *Cushman* concerned a peer review process, as a decision of the United States Court of Appeals for the Federal Circuit, *Cushman* is not binding on this Court.

4

still supplement his filings. *Id*. at 13. Dippel also advances the proceedings before the Magistrate Judge are a separate case from the one before the District Judge. *Id.* at 13-14. Dippel states he filed a request to amend the Scheduling Order. *Id.* at 14. Finally, Dippel argues he is submitting the FAER not just as an expert report, but as an offer of proof. *Id.* at 14-15. As detailed below, all Dippel's arguments are without merit.

Dippel is correct that SC Farm Bureau brought its motion to strike pursuant to Fed. R. Civ. P. 12(f). ECF No. 185 at 2. As the Magistrate Judge correctly noted, however, that rule applies to motions to strike pleadings, and the items SC Farm Bureau sought to strike were not pleadings. ECF No. 213 at 4; *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . ."); *see also* Fed. R. Civ. P. 7(a) (defining pleadings). The Federal Rules also provide: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Furthermore, a court need not have a motion before it to apply the sanction under Fed. R. Civ. P. 37(c)(1). Fed. R. Civ. P. 37 advisory committee's note to subdivision (c) 1993 amendment ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion . . . ."); *see Carrisbrook Asset Holding Tr. v. SFR Invs. Pool 1, LLC*, 3:17-cv-00370-MMD-WGC, 2019 WL 2393614, at * 2 (D. Nev. June 6, 2019) (construing a motion to strike as a motion for sanctions under Fed. R. Civ. P. 37(c)(1)). Thus, Dippel's contention regarding the Magistrate Judge granting the motion to strike under Fed. R. Civ. P. 37(c)(1) when SC Farm Bureau brought its motion pursuant to Fed. R. Civ. P. 12(f) is without merit.

Dippel's arguments that discovery is ongoing or that he filed a request to amend the Scheduling

Order are likewise unavailing. Under the Scheduling Order in this case, Dippel was to identify his experts on or before March 6, 2018, and all discovery in this case was to close June 5, 2018. ECF No. 43. On April 5, 2018, the Court entered an Order staying all deadlines in the case thirty days. ECF No. 62. Accordingly, discovery in this case closed July 5, 2018. While Dippel notes he requested as part of his response to SC Farm Bureau's motion to strike that the Court enter a new Scheduling Order, ECF No. 217-1 at 14 (citing ECF No. 186 at 1, 4), the Court has not entered any new Scheduling Order. Accordingly, Dippel's claims regarding discovery being ongoing and his request to amend the Scheduling Order fail.

Dippel is incorrect in his assertion that the proceedings before the Magistrate Judge are a different case than the one before the District Judge. Because Dippel is proceeding *pro se*, all pretrial proceedings in his case have been automatically referred to a Magistrate Judge. Local Civ. Rule 73.02(B)(2)(e) (D.S.C.); *see supra* note 1. The proceedings before the Magistrate Judge are not, however, an ancillary proceeding in another Court so as to exempt Dippel from disclosure requirements. *See* Fed. R. Civ. P. 26(a)(1)(B)(viii) (exempting from initial disclosure requirements "a proceeding ancillary to a proceeding in another court.").

Dippel's contention the FAER report was an offer of proof is unavailing. As thoroughly analyzed by the Magistrate Judge, the FAER is an expert report. ECF No. 213 at 7-8. Dippel evidently agrees the FAER is an expert report, as he asserts the FAER "was not just submitted as an expert report." ECF No. 217-1 at 15. As noted above, Dippel was required to disclose his experts in this case on or before March 6, 2018. Dippel failed to disclose the FAER report. *See* ECF No. 32 (listing Dippel's experts). In fact, as provided in the FAER, Dippel did not even contact Forensic Analysis and Engineering to provide the FAER until February 15, 2019, ECF No. 177-2 at 6, nearly a year after

Dippel was to have disclosed his experts. For those reasons, the FAER is untimely and Dippel's arguments regarding the FAER fail.

For the above reasons, the Magistrate Judge striking the Mold Report and the FAER for failure to disclose was not clearly erroneous or contrary to law. Accordingly, the Court will overrule Dippel's objections to the Magistrate Judge striking the Mold Report and the FAER.

Dippel next contends the Magistrate Judge erred in denying Dippel's motion to strike. ECF No. 217-1 at 16. The Magistrate Judge denied Dippel's motion to strike because Dippel failed to identify what he was asking the Court to strike, or why said items should be struck. ECF No. 213 at 9-10. Without such specifics, the Magistrate Judge held it would be impossible to decide whether the drastic remedy of striking was appropriate. *Id.*

Dippel avers he has sufficiently identified what should be stricken and provided argument as to why it should be stricken. ECF No. 217-1 at 16. Dippel's purported specifics, however, run a mere five sentences and consist mainly of citations to whole documents where he says he has provided what should be stricken and why. *Id.* Having reviewed Dippel's argument, the undersigned agrees with the Magistrate Judge: Dippel has not sufficiently identified what should be stricken and why striking is needed for the Court to decide whether such action is warranted. The Court thus finds nothing clearly erroneous or contrary to law in the Magistrate Judge's denial of Dippel's motion to strike. For that reason, Dippel's objection regarding the Magistrate Judge's denial of Dippel's motion to strike is due to be overruled.

Dippel next objects to the Magistrate Judge's denial of Dippel's motion to sanction non-parties Scallion and Donan. ECF No. 217-1 at 16-27. The Magistrate Judge denied Dippel's motion to sanction Scallion and Donan because Dippel failed to show Scallion and Donan did not comply with

7

the Court's November 2, 2018 Order.  ECF No. 213 at 12-17.

On November 2, 2018, the Magistrate Judge issued an Order ("November 2 Order") which *inter alia* denied in part and granted in part Donan and Scallion's motion to quash a subpoena and denied in part and granted in part Dippel's motion to compel related to the same subpoena.  ECF No. 136.  The November 2 Order also provided specific directions for Donan and/or Scallion to comply with regarding several items sought in the subpoena.  *Id.* at 4-6.  That Order was affirmed by the undersigned on January 8, 2019.  ECF No. 161.

Dippel first objects the Magistrate Judge erred by not holding Scallion in contempt for issues related to a laptop which was a subject of the underlying subpoena.  ECF No. 217-1 at 16-23.  As noted above, the Magistrate Judge found no evidence Scallion or Donan failed to comply with the November 2 Order.  Accordingly, there was no basis for the Magistrate Judge to hold Scallion in contempt.  *See* Fed. R. Civ. P. 45(g) (providing the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").  For that reason, the Court will overrule Dippel's first objection regarding the Magistrate Judge's denial of Dippel's motion to sanction Scallion and Donan.

Dippel next objects the Magistrate Judge erred in accepting affidavits as proof of Scallion and/or Donan's compliance with the November 2 Order as to: 1) electronic documents stored in the Donan Project Tool Server; 2) cloud storage documents and communications between Christopher Scallion and John Hunter Miller; 3) the email of Roger Glenn Hayes; 4) documents in Scallion's Google Drive; and 5) the pre peer review version of the Scallion report.  ECF No. 217-1 at 23-26.[5]  As

---

[5] Dippel also avers the affidavits are unacceptable because they do not contain the provision "'I declare (or certify, verify, or state) under penalty[,]'" ECF No. 217-1 at 26, which Dippel argues is required under 28 U.S.C. § 1746(2), ECF No. 217-1 at 26-27.  Dippel has misconstrued 28 U.S.C. § 1746(2).  That statute does not require the specific statement Dippel contends must be contained within the affidavits, but provides that where an order

8

to each of those items, the Court finds the affidavits provided complied with the November 2 Order.

The November 2 Order required Donan to produce documents related to the Dippel claim stored in the "'Donan Project Tool Server'" and provide an affidavit stating all such items had been produced or did not exist. ECF No. 136 at 5. Donan's General Manager ("GM") provided an affidavit in response indicating "Donan Project Tool Sever" was an unknown term, but Donan had previously produced and produced together with the affidavit all still-existing responsive documents. ECF No. 204-1 at 38-39. The November 2 Order directed Donan to produce cloud storage documents and communications to and from Roger Glenn Hayes and John Hunter Miller regarding the Dippel claim, and provide an affidavit stating said items had been produced or did not exist. ECF No. 136 at 5. Donan's GM attested Donan had previously produced and produced again with the affidavit all still-existing documents responsive to this request. ECF No. 204-9 at 56-57. The November 2 Order directed Donan to forward the November 5, 2015 email of Roger Glenn Hayes together with attachments to Dippel's email address or provide an affidavit as to why compliance was not possible. ECF No. 136 at 5. Donan's GM stated in an affidavit that the email was not in Donan's possession because it was sent from a non-Donan email to non-Donan emails.[6] ECF No. 204-9 at 65-66. The November 2 Order directed Scallion to produce documents related to the Dippel claim stored in Scallion's Google Drive and corresponding Google email address and provide an affidavit attesting to

---

permits a matter to be supported by affidavit, "an unsworn declaration, certificate, verification, or statement, in writing . . . subscribed . . . as true under penalty of perjury, and dated, in substantially the [] form" noted by Dippel can have the same effect as an affidavit. For that reason, Dippel's claim the affidavits are insufficient is without merit.

[6]  In the event Donan is not in possession of the Roger Glenn Hayes email, Dippel argues SC Farm Bureau is in possession of said email, and moves the Court to compel SC Farm Bureau to produce the email. ECF No. 217-1 at 24-25. Dippel's motion to compel is denied as untimely because - as analyzed above - discovery in this case closed more than one year ago.

the production of all such items or attesting said items did not exist. ECF No. 136 at 5. Scallion attested no such documents exist, and that he did not use his Google Drive or Google email for work. ECF No. 204-9 at 69-70. The November 2 Order required Donan and/or Scallion to produce the pre peer review unedited Scallion report and all documents and editing information that culminated in the final report related to the Dippel claim together with an affidavit stating all such items had been produced or did not exist. ECF No. 136 at 6. Scallion provided an affidavit indicating all responsive documents were produced together with the affidavit. ECF No. 204-9 at 73-74.[7] For the above reasons, the Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's denial of Dippel's motion for sanctions as to Scallion and Donan; Dippel's objection to the denial of that motion is thus due to be denied.

Dippel's final set of objections concern the Magistrate Judge's denial of various subpoenas filed by Dippel. ECF No. 217-1 at 28. The Magistrate Judge denied the subpoenas as untimely. ECF No. 213 at 17. Dippel raises four objections to this denial. ECF No. 217-1 at 28. First, Dippel contends subpoenas do not have to be timely. *Id.* Next, Dippel avers he should not have to file a motion for a subpoena. *Id.* Third, he claims he previously filed a request to amend the Scheduling Order. *Id.* Finally, Dippel requests to amend the Scheduling Order. *Id.* Dippel's objections all fail.

The majority of jurisdictions hold a pretrial subpoena *duces tecum* under Fed. R. Civ. P. 45 - like those at issue here - is a discovery device, and as such is generally subject to the discovery

---

[7] Dippel further advances the affidavits were provided to avoid producing the subpoenaed materials, and are evidence of a violation of the False Claims Act. ECF No. 217-1 at 27. Dippel thus asks the Court to hold Donan's counsel, Scallion, and Donan have violated the False Claims Act by presenting false affidavits. *Id.* Dippel's claims fail for two reasons. First, the affidavits were provided to comply with the Court's Order regarding the subpoena. *See* No. 136 at 5-6 (requiring, or in one instance providing the option of, said affidavits to comply with the underlying subpoena). Second, Dippel has not brought any causes of action under the False Claims Act. ECF No. 1. Accordingly, Dippel's arguments regarding the false purposes behind the affidavits and the alleged resulting violation of the False Claims Act are without merit, and the Court thus denies Dippel's request to hold Donan's counsel, Donan, and Scallion in violation of the False Claims Act.

schedule in a case. *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) (collecting cases). Thus, contrary to Dippel's contention, the pretrial subpoenas *duces tecum* here had to be timely under the Scheduling Order in this case.

To the extent Dippel argues the Magistrate Judge incorrectly required him to file a motion for a subpoena, he is mistaken. The Magistrate Judge never mentioned any need for a motion to obtain a subpoena; rather, the Magistrate Judge denied Dippel's subpoenas as untimely. ECF No. 213 at 17.

As noted above, discovery closed in this case July 5, 2018. ECF Nos. 43; 62. While Dippel avers he requested in his response to SC Farm Bureau's motion to strike that the Court issue a new Scheduling Order, ECF No. 217-1 at 28 (citing ECF No. 186 at 1, 4), the Court issued no new Scheduling Order. Dippel filed his first request for this round of subpoenas on November 13, 2018, ECF No. 143, some four months after discovery closed, and did not file the subpoenas until May 1, 2019, ECF No. 195, nearly ten months after discovery closed. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). Dippel's subpoenas were thus untimely. Further, to the extent Dippel now asks the Court to amend the Scheduling Order, the Court finds he has shown neither the good cause nor the excusable neglect necessary for the Court to grant such a request. *See* Fed. R. Civ. P. 6(b)(1) (providing the standard for extending time); *see also* Fed. R. Civ. P. 16(b)(4) (providing the standard to modify a Scheduling Order). Accordingly, the Court denies Dippel's instant request to amend the Scheduling Order. For the above reasons, the Court finds the Magistrate Judge's denial of Dippel's subpoenas is neither contrary to law nor clearly erroneous; Dippel's objections to said denial are thus due to be overruled.

## **Conclusion**

For the foregoing reasons, the Court **OVERRULES** Dippel's objections and **AFFIRMS** the Magistrate Judge's nondispositive order, ECF No. 213.

**IT IS SO ORDERED.**


Florence, South Carolina s/ R. Bryan Harwell
August 26, 2019 R. Bryan Harwell
Chief United States District Judge