UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Kenneth D. Dippel, | ) | Civil Action No.: 4:16-cv-01605-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| South Carolina Farm Bureau Mutual Insurance Company, | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff Kenneth D. Dippel's ("Dippel") and Defendant South Carolina Farm Bureau Mutual Insurance Company's ("SC Farm Bureau") objections[1] to the Report and Recommendation ("R & R") of the Magistrate Judge.[2] ECF Nos. 214, 217, 219, 220, 221, 222. The Magistrate Judge recommends granting in part and denying in part SC Farm Bureau's motion for summary judgment. R & R at 20.

**Standard of Review**

---

[1] On August 14, 2019, Dippel filed a motion to strike as untimely : 1) SC Farm Bureau's motion for summary judgment, ECF Nos. 104; 105; and 2) SC Farm Bureau's objections to the R & R, ECF Nos. 219; 220; 221; 222. ECF No. 223. In his motion, Dippel also requests the Court stay this case until it has ruled on his motion. *Id.* As a preliminary matter, SC Farm Bureau's objections to the R & R were due on or before August 9, 2019. ECF No. 214-1, and were timely filed, *see* ECF Nos. 219; 220; 221; 222 (indicating a filing date of August 9, 2019). Accordingly, the Court DENIES Dippel's motion to strike SC Farm Bureau's objections to the R & R. Regarding Dippel's motion to strike SC Farm Bureau's motion for summary judgment, the Court agrees with Dippel: SC Farm Bureau's motion for summary judgment was untimely filed. *See* ECF No. 43 at 2 (providing dispositive motions were to be filed in this case on or before July 2, 2018); ECF No. 62 (extending deadlines in this case thirty days); ECF Nos 104; 105 (indicating SC Farm Bureau's motion for summary judgment was filed August 13, 2018, outside the time to file such a motion). Dippel's motion to strike is, however, untimely for the same reason as SC Farm Bureau's motion for summary judgment. *See* ECF No. 43 (indicating the July 2, 2018 deadline applies to virtually all motions in this case, including Dippel's motion to strike); ECF No. 62 (extending the deadline thirty days). Further, the Court prefers to decide SC Farm Bureau's motion for summary judgment on the merits. Accordingly, the Court DENIES Dippel's motion to strike SC Farm Bureau's motion for summary judgment. Because the Court DENIES both Dippel's motions to strike, ECF No. 223, Dippel's motion to stay, *id.*, is RENDERED MOOT.

[2] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2) (D.S.C.).

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a *de novo* review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a *de novo* review of every portion of the Magistrate Judge's R & R to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will address each specific objection to the R & R in turn, but the Court need not - and will not - address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the R & R. *See Orpiano*, 687 F.2d at 47.

2

**Discussion**[3]

On May 18, 2016, Dippel - then represented by counsel[4] - filed suit against SC Farm Bureau. ECF No. 1. Dippel generally alleges SC Farm Bureau issued a flood insurance policy on his home located in Loris, South Carolina, and incorrectly failed to pay benefits due under the policy after a torrential rainfall in late September to early October, 2015 resulted in a flood event at Dippel's residence. *Id.* Dippel's complaint brought causes of action for breach of contract and bad faith failure to pay insurance benefits.[5] *Id.*

On August 13, 2018, SC Farm Bureau filed a motion for summary judgment. ECF Nos. 104; 105.[6] SC Farm Bureau argues Dippel is not entitled to payment beyond the amount it already attempted to tender to him and SC Farm Bureau is thus entitled to summary judgment on Dippel's remaining cause of action. ECF No. 104-1. Dippel responded, ECF Nos. 112; 118; 177; 187, and SC Farm Bureau replied, ECF Nos. 114; 124; 184.

The Magistrate Judge recommends the Court grant in part and deny in part SC Farm Bureau's motion for summary judgment. R&R. Specifically, the Magistrate Judge suggests the Court grant SC Farm Bureau's motion for summary judgment as to structural damage to Dippel's home because this damage falls within the earth movement exclusion to coverage under the flood insurance policy and does not qualify for the exception to said exclusion. R & R at 13-20. The Magistrate Judge recommends, however, that Dippel brought claims which would not be excluded from coverage under

---

[3] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[4] Dippel is now proceeding *pro se*.

[5] The Court previously dismissed Dippel's bad faith claim. ECF No. 25.

[6] *See supra* note 1.

the earth movement exclusion ("non-structural claims"). *Id.* at 20. These claims include coverage for "moisture damage, mold, damage to [Dippel's] ductwork and HVAC unit, damage to [Dippel's] drainage lines, termite issues, debris removal, and power washing of the exterior of [Dippel's] property." *Id.* at 20. The Magistrate Judge notes SC Farm Bureau failed to move for summary judgment on these non-structural claims, and failed to respond to Dippel's assertion he was bringing these claims. *Id.* Accordingly, the Magistrate Judge suggests SC Farm Bureau's motion for summary judgment is due to be denied as to these non-structural claims. *Id.*

Dippel filed objections to the R & R, ECF No. 217,[7] to which SC Farm Bureau responded, ECF Nos. 225. Dippel raises five objections to the R & R. ECF No. 217. Dippel first avers the flood insurance policy is ambiguous. *Id.* at 4. Dippel next objects the earth movement exclusion to coverage under the flood insurance policy does not apply because the flooding here came from the collapse of, or an overflow of, the creek near his house. *Id.* at 5-7. Dippel argues the Magistrate Judge erred by stating the insurance adjuster visited Dippel's property October 10, 2015 rather than October 11, 2015. *Id.* at 7. Dippel advances the Magistrate Judge erred by striking the Forensic Analysis and Engineering Report. *Id.* Finally, Dippel claims it is error for the Magistrate Judge not to have ruled on Dippel's motion for summary judgment. *Id.*

Each of Dippel's objections is without merit. Dippel first claims the flood insurance policy here is ambiguous, and the cases cited by the Magistrate Judge do not apply because none of them address the ambiguity in the policy. *Id.* at 4. Dippel specifically argues the policy is ambiguous because it provides coverage for damages from flooding but contains exclusions. *Id.*

---

[7] Dippel attaches to his objections to the R & R a second set of objections, ECF No. 217-1, which are objections to a nondispositive Order issued by the Magistrate Judge on July 26, 2019, ECF No. 213. Those objections are not the topic of this Order, and the Court addresses them in a separate Order.

Ambiguity arises when there is "[d]oubtfulness or uncertainty of meaning or intention[.]" *Ambiguity*, *Black's Law Dictionary* (11th ed. 2019). Having reviewed the policy at issue, the Court finds no such ambiguity in the policy. The policy contains a general statement providing coverage for damages from flooding. ECF No. 104-4 at 4 ("We will pay you for *direct physical loss by or from flood* to your insured property . . . ."). The policy also contains several exclusions, *id.* at 25-27, including the one Dippel claims renders the policy ambiguous, which states: "[w]e do not insure for loss to property caused directly by earth movement even if the earth movement is caused by *flood*[,]" *id.* at 26. Said exclusion, however, has a clear meaning, and is neither ambiguous, nor does it render the policy ambiguous. For that reason, the Court will overrule Dippel's first objection.

Dippel's next objection is that the earth movement exception does not apply here. ECF No. 217 at 5-7. Dippel contends the flooding at issue here either came from the overflow of a nearby creek, such that it falls within the definition of a flood and outside the earth movement exclusion, or from the collapse of the banks of that creek, such that it falls within the exception to the earth movement exclusion. *Id.* Both arguments fail.

As noted above, the flood insurance policy at issue here provides coverage for "*direct physical loss by or from flood* to your insured property" if the premiums are paid, the insured complies with all terms of the policy, and the insured provides accurate information and statements to the insurance company. ECF No. 104-4 at 4. A flood is defined as:

> 1) A general and temporary condition of partial or complete innundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:
> a. Overflow of inland or tidal waters,
> b. Unusual and rapid accumulation or runoff of surface waters from any source,
> c. *Mudflow*.
> 2) Collapse or subsidence of land along the shore of a lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding

anticipated cyclical levels that result in a *flood* as [previously] defined . . . .

*Id.* at 5.

The earth policy exclusion from this coverage states:

We do not insure for loss to property caused directly by earth movement even if the earth movement is caused by *flood*. Some examples of earth movement that we do not cover are:
. . .
3. Land subsidence
. . .
5. Destabilization or movement of land that results from accumulation of water in subsurface land area . . . .

*Id.* at 26. There is also an exception to the exclusion:

We do, however, pay for losses from *mudflow* and land subsidence as a result of erosion that are specifically covered under our definition of *flood* . . . .

*Id.*

The evidence Dippel cites as showing overflow is not evidence of the type overflow needed for insurance coverage to apply. Dippel points to the insurance adjuster's statement that "'*[t]he cause of the loss is flooding from water overflow or rising water*[.]'" ECF No. 217 at 6 (citing ECF No. 133-3 at 32). As a preliminary matter, that statement is contained within a section of the adjuster's report dedicated to subrogation, and is not classified as an overall conclusion. ECF No. 133-3 at 32. Further, the statement does not indicate where the purported "overflow" may have originated. *Id.* Dippel also points to three photographs as indicating the overflow from the creek caused his flooding. ECF No. 217 at 6-7 (citing ECF Nos. 177-1 at 29; 133-3 at 34, 57).[8] Although these photographs indicate the

---

[8] These photographs are: 1) a photograph from the report of an engineer retained by Dippel showing a water mark on an exterior wall of Dippel's home, ECF No. 177-1 at 29; 2) a photograph from the insurance adjuster's report purportedly showing water marks on the exterior of Dippel's home, ECF No. 133-3 at 34; and 3) a photograph that shows water on a road near Dippel's home, ECF No. 133-3 at 57.

6

exterior of Dippel's home may have been impacted by water, and water may have flowed across the nearby street, they do not indicate the source of said water.[9]

To the extent Dippel argues the creek bed collapsed causing flooding on his property, that argument is likewise without merit. For the land subsidence definition of flooding to apply such that the flooding would be covered, "the insured has the burden of proof to show that the collapse or subsidence of land along the shore of a natural body of water was the result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels at the time of the alleged damage." *Chesapeake Ship Propeller Co. v. Stickney*, 820 F. Supp. 995, 999 (E.D.Va. 1993). As the Magistrate Judge notes, Dippel has "failed to point to any admissible evidence that collapse or subsidence of land along the creek bed of the unnamed creek caused flood waters to reach his home." ECF No. 214 at 19. Further, Dippel's property is not located on the shore of the creek, but some 75 yards away from the creek, with a house and a street between the creek and Dippel's house. ECF Nos. 104-2 at 53; 104-3 at 17; 105-7. Accordingly, assuming without deciding there was land subsidence on Dippel's property from the overflow of the creek, the provision for coverage of land subsidence along the shore of a body of water would not apply. *See Armstrong v. Fidelity Nat'l Prop. & Cas. Ins.*

---

[9]  Dippel also contends the Magistrate Judge erred by not considering the opinion of land surveyor Timothy L. Davis. ECF No. 217 at 6 (citing ECF No. 217-2). Davis's opinion is dated November 19, 2018, and reads in full: "I was hired to perform a topographical survey of Mr. Dippel's residence. From the data that I collected from the survey I believe that the residence flooded due to the over flow from the adjacent canal ditch during the October 2015 storm." ECF No. 217-2.

Dippel is correct: the Magistrate Judge did not consider the opinion of Mr. Davis. The Magistrate Judge was, however, correct not to consider Davis's opinion. Davis's opinion was rendered more than eight months after disclosure of Dippel's experts was due, and some four months after discovery closed in this matter, *see* ECF No. 43 at 1 (indicating Dippel had to disclose experts by March 6, 2018, and discovery closed in this case June 5, 2018); ECF No. 62 (April 5, 2018 Order indicating deadlines were stayed for thirty days). Further, Dippel never disclosed Davis as an expert in this matter. *See* ECF No. 32 (listing Dippel's experts) Accordingly, Davis's opinion is not properly before the Court. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."). There has been no showing here that Dippel's failure to timely disclose Davis was either substantially justified or harmless.

*Co.*, 2014 WL 791377, at *2 (S.D. Tex. 2014) (finding no flood insurance coverage for subsidence of land along the shore of a body of water when there were three streets and a number of structures between the water at issue and the subject property); *see also id*. (indicating that while land need not necessarily abut the body of water for coverage to apply, there should be no other structures of the same kind between the subject property and the water).[10] For those reasons, Dippel's second objection to the R & R is due to be overruled.

Dippel next argues the Magistrate Judge erred in stating the insurance adjuster visited Dippel's property October 10, 2015 rather than October 11, 2015, when Dippel contends the adjuster visited. ECF No. 217 at 7. The Court agrees with Dippel: the Magistrate Judge stated the adjuster visited Dippel's residence on October 10, 2015. R & R at 4 (citing ECF Nos. 104-3 at 16-17; 104-6). October 10, 2015 was the date indicated by the adjuster in his deposition, ECF No. 104-3 at 16-17, and on the adjuster's report, ECF No. 104-6 at 6. However, the photographs taken by the adjuster are dated October 11, 2015. *Id.* at 22-30. Accordingly, it is unclear whether the adjuster visited Dippel's residence October 10, 2015, or October 11, 2015. Even assuming the adjuster visited October 11, 2015, Dippel fails to point to any way that would change the Magistrate Judge's analysis, and the Court finds a difference in the date of the adjuster's visit would not raise a genuine issue of material fact sufficient to deny summary judgment to SC Farm Bureau on Dippel's structural claims. Accordingly, the Court will deny Dippel's third objection to the report.

Dippel next advances the Magistrate Judge erred by striking the Forensic Analysis and

---

[10] Dippel also argues 44 C.F.R. § 59.1 has a more inclusive definition of land subsidence flooding than the policy at issue in this case, and that the instant case would fit under the regulatory definition. ECF No. 217 at 5-7. The Fourth Circuit has indicated in a case similar to the one at bar, however, that where - as here - the policy defines the flooding it will cover, it is the policy definitions, not the regulatory ones, which prevail. *Smoak v. Indep. Fire Ins. Co.*, 180 F.3d 172, 173-74 (4th Cir. 1999).

8

Engineering Report ("FAER"). ECF No. 217 at 7. The Magistrate Judge did not recommend striking the FAER in the instant R & R. *See* R & R. Rather, the Magistrate Judge struck the FAER in the July 26, 2019 nondispositive Order, ECF No. 213, to which Dippel has filed separate objections and which the Court addresses in a separate Order. *Supra* note 7. For that reason, the Court will overrule Dippel's instant objection to the Magistrate Judge striking the FAER.

Finally, Dippel claims it is error for the Magistrate Judge not to have ruled on Dippel's motion for summary judgment. ECF No. 217 at 7. Dippel further asserts the Magistrate Judge never intends to rule on Dippel's motion for summary judgment. *Id.* Dippel provides no support for these claims, and the Court can find no error in the Magistrate Judge having not yet issued an R & R on Dippel's motion for summary judgment. For that reason, the Court will overrule Dippel's final objection to the R & R.

SC Farm Bureau also filed objections to the R & R. ECF Nos. 219; 220; 221; 222,[11] to which Dippel responded, ECF No. 226, and SC Farm Bureau replied, ECF No. 229.[12] All of SC Farm

---

[11]   *See supra* note 1.

[12]   Dippel filed a motion to strike SC Farm Bureau's reply and a motion for a hearing; these motions were entered by the Clerk of Court August 23, 2019. ECF No. 234. In his motion to strike, Dippel asks the Court to strike SC Farm Bureau's reply, which he classifies as a sur reply, and contends is not helpful to the Court and/or is duplicative of earlier filings by SC Farm Bureau. *Id.* at 1-3. In this District, replies are discouraged, but allowed. Local Civ. Rule 7.07 (D.S.C.). Thus, the Court DENIES Dippel's motion to strike SC Farm Bureau's reply.

In his motion for a hearing, Dippel requests a hearing on: 1) continuing discovery issues; 2) the fact that he did not know about the Scheduling Order in this case because he is *pro se*; and 3) the parties never having had a conference as required under Fed. R. Civ. P. 26(f). ECF No. 234 at 3-4. A hearing is unwarranted here. As a preliminary matter, discovery in this case closed more than a year ago, on July 5, 2018. ECF Nos. 43; 62. Thus, to the extent Dippel claims a hearing is needed to decide discovery issues, his motion for such a hearing is untimely. Second, when the Court issued the operative Scheduling Order in this case, ECF No. 43, Dippel was represented by counsel, and thus received notice of the Scheduling Order through the Court's electronic filing system. When the Court later issued an Order, ECF No. 62, which *inter alia* extended the discovery deadline in this case to July 5, 2018, the Clerk of Court sent that order to Dippel, who was then proceeding *pro se*, via U.S. Mail. Accordingly, Dippel's argument he did not know of the Scheduling Order in this case is without merit. Finally, the Court assumes Dippel is referring to the requirement under Fed. R. Civ. P. 26(f) for the parties to confer when he argues "the parties were never scheduled for an evidentiary hearing conference pursuant to FRCP 26." ECF No. 234 at 4. This argument is unavailing. On August 9, 2016, the parties submitted a joint report under Fed. R. Civ. P. 26(f) indicating they had conferred as required under said Rule; the report was signed by counsel for SC Farm Bureau and then-

9

Bureau's objections address the Magistrate Judge's recommendation that SC Farm Bureau's motion for summary judgment be denied as to Dippel's non-structural claims. ECF No. 219. S.C. Farm Bureau first argues the Magistrate Judge's suggestion regarding these claims is inconsistent with his recounting of the insurance adjuster's report. *Id.* at 3-4. SC Farm Bureau next contends it already offered to pay Dippel for many of these damages, and others are not covered under the policy. *Id.* at 5-13. Finally, SC Farm Bureau avers Dippel failed to mitigate his damages as to these claims. *Id.* at 14-17.

As a preliminary matter, the Court finds no inconsistency between the Magistrate Judge's review of the facts underlying this case and his recommendation regarding Dippel's non-structural claims. Thus, the Court will overrule SC Farm Bureau's first objection to the R & R.

The Magistrate Judge noted SC Farm Bureau failed to move for summary judgment as to the non-structural damages, and failed to respond to Dippel's statement he was bringing such claims. ECF No. 214 at 20. For that reason, the Magistrate Judge recommended SC Farm Bureau be denied summary judgment on Dippel's non-structural claims. Having reviewed S.C. Farm Bureau's motion for summary judgment and its replies, ECF Nos. 104; 105; 114; 124; 184, the Court agrees with the Magistrate Judge: SC Farm Bureau failed to address Dippel's non-structural claims. Accordingly, the Court will deny summary judgment to SC Farm Bureau on the non-structural claims. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought."). To the extent SC Farm Bureau seeks to argue in its objections to the R & R it is entitled to summary judgment on Dippel's non-structural claims, it failed to address these claims at the summary judgment stage, and its motion for summary

---

counsel for Dippel. ECF No. 18. For the above reasons, the Court DENIES Dippel's motion for a hearing.

judgment is due to be denied as to these claims.  *See generally* Fed. R. Civ. P. 56 (providing the procedures which must be followed on a motion for summary judgment).  For those reasons, the Court will overrule SC Farm Bureau's remaining objections to the R & R.

Further, having reviewed the R & R, the record, and the law, the Court will overrule Dippel's and SC Farm Bureau's objections and adopt the R & R.

### Conclusion

For the foregoing reasons, the Court **DENIES** Dippel's motion to strike SC Farm Bureau's motion for summary judgment, ECF No. 223, and **DENIES** Dippel's motion to strike SC Farm Bureau's objections to the R & R, *id.*  Dippel's motion to stay is **RENDERED MOOT**. *Id.*  The Court also **DENIES** Dippel's motion to strike SC Farm Bureau's reply to Dippel's response to SC Farm Bureau's objections to the R & R, and **DENIES** Dippel's motion for a hearing.  ECF No. 234.  Further, the Court **OVERRULES** Dippel's objections to the R & R, ECF No. 217, and **OVERRULES** SC Farm Bureau's objections to the R & R, ECF Nos. 219; 220; 221; 222.  The Court **ADOPTS** the Magistrate Judge's R & R, ECF No. 214, to the extent it is consistent with this Order.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** SC Farm Bureau's motion for summary judgment, ECF Nos 104; 105.  The Court **GRANTS** SC Farm Bureau's motion for summary judgment as to Dippel's structural damages, and **DENIES** SC Farm Bureau's motion for summary judgment as to Dippel's non-structural damages.

In November, 2018, this Court issued an Order denying a then-pending motion by SC Farm Bureau to waive mediation, but extending the deadline to mediate the case until thirty days after the disposition of SC Farm Bureau's motion for summary judgment.  ECF No. 136 at 8.  In accordance with that Order, the Court now **DIRECTS** the parties to mediate the remaining issues in this case.  So

that the parties may have time to engage in such mediation, the Court **STAYS** this case for sixty days from the date of entry of this Order. The parties are **DIRECTED** to inform the Court via joint status report filed with the Court on or before the sixtieth day following the entry of this Order whether they have resolved the remaining issues in this case.

      **IT IS SO ORDERED.**

Florence, South Carolina  
August 26, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge